

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-24-2009

# Adel Guirguis v. Movers Specialty Ser Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1104

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Adel Guirguis v. Movers Specialty Ser Inc" (2009). *2009 Decisions.* Paper 602.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/602

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1104
_____

ADEL GUIRGUIS,
                    Appellant
v.

MOVERS SPECIALTY SERVICES, INC.
                    Appellee.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 08-cv-4154)
District Judge: Honorable Stewart Dalzell

_____

Submitted Under Third Circuit LAR 34.1(a)
September 24, 2009

Before:   BARRY, FISHER and JORDAN, *Circuit Judges*.

Filed: September 24, 2009
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Adel Guirguis appeals from the order of the United States District Court for the

Eastern District of Pennsylvania dismissing his complaint under Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  For the reasons that follow, we will affirm.

## I.    Background

Guirguis brought suit against his former employer, Movers Specialty Services, Inc. ("Movers"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §§ 951-63.[1]  Guirguis, who is of Arab descent and a native of Egypt, contends that Movers terminated his employment on the basis of his national origin.[2]

Paragraphs 7 through 9 of the complaint, which read as follows, contain the entirety of Guirguis's factual averments:

> 7.    Plaintiff began working for the defendant in 2000 in the accounting department.  Plaintiff was employed by the defendant from that day until February 14, 2006, when he was terminated by the defendant in violation of his civil rights.
> 8.    Plaintiff is foreign born, is an Arab, having been born in Egypt on June 20, 1947.
> 9.    On February 14, 2006, plaintiff was terminated by the defendant in violation of his rights due to the fact he is Arab, due to his native origin, having been born in Egypt.

(App. at 11.)

---

[1]The legal analysis governing Guirguis's PHRA claim is identical to that under Title VII, and the discussion that follows applies to both claims.  *See Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 317 n.3 (3d Cir. 2000) ("The analysis required for adjudicating [plaintiff's] claim under PHRA is identical to a Title VII inquiry ... , and we therefore do not need to separately address her claim under the PHRA.").

[2]The complaint alleges that Movers discriminated against Guirguis due to his "native origin," which is not a defined class under Title VII.  (App. at 11.)  The District Court construed this averment as a disparate treatment claim on the basis of national origin. The parties do not contest that characterization.

Movers sought dismissal, charging that Guirguis had neglected to exhaust administrative remedies and that his complaint failed to state a claim upon which relief could be granted. Guirguis did not respond to the latter argument, and the District Court held that he had conceded Movers' challenge by failing to say how his complaint made out a cognizable claim for relief. The Court nevertheless went on to review the substance of Guirguis's allegations, determining that the complaint indeed lacked sufficient factual content to raise a plausible right to relief under the pleading standard established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The District Court thus dismissed the complaint and closed the case.[3] Guirguis did not request an opportunity to file an amended complaint but filed two motions for reconsideration[4] of the Court's Rule 12(b)(6) ruling. The District Court denied both motions. This timely appeal followed.

## II. Discussion[5]

Guirguis argues that the District Court erred when it dismissed his complaint, which he contends adequately stated a claim. He also claims that the Court committed

---

[3]In light of its disposition, the District Court did not discuss the exhaustion issue.

[4]Guirguis filed the first motion on December 15, 2008 and an amended motion on December 22.

[5]The District Court exercised federal question jurisdiction over Guirguis's Title VII claim under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f) and supplemental jurisdiction over his PHRA claim under 28 U.S.C. § 1367. We have appellate jurisdiction over the final decision of the District Court under 28 U.S.C. § 1291.

error when it closed his case without *sua sponte* granting him leave to amend, which effectively dismissed his claims with prejudice.

## A. Failure to State a Claim

We conduct a *de novo* review of a Rule 12(b)(6) dismissal of a complaint. *See Phillips v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir. 2008). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, a complaint must set forth facts that raise a plausible inference that the defendant inflicted a legally cognizable harm upon the plaintiff. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Twombly*, 550 U.S. at 556; *Phillips*, 515 F.3d at 234.[6] Conclusory allegations of liability do not suffice. *See Iqbal*, 129 S. Ct. at 1950 (opining that the federal pleading standard "marks a notable and generous departure from the hyper-technical, code-

---

[6]We have applied *Twombly* and *Iqbal*'s pleading requirements to employment discrimination claims, *see Fowler v. UPMC Shadyside*, --- F.3d ---, 2009 WL 2501662, at *5-6 (3d Cir. Aug. 18, 2009); *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 322 (3d Cir. 2008), but the quantum of facts that a discrimination complaint should contain may bear further development. This case, though, provides a poor vehicle for that task because Guirguis relies in large measure upon bare legal conclusions that would likely have been insufficient even under the pre-*Twombly* pleading standard. *See, e.g.*, *Papasan*, 478 U.S. at 286 (holding, prior to *Twombly*, that courts were not required to accept the truth of legal conclusions contained in a plaintiff's complaint). They are certainly deficient in the post-*Twombly* era. Accordingly, we have no occasion in this case to address the character or weight of the factual allegations that a Title VII complaint must contain to survive a Rule 12(b)(6) motion to dismiss.

pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

A court confronted with a Rule 12(b)(6) motion must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant. *Gross v. German Found. Indus. Initiative*, 549 F.3d 605, 610 (3d Cir. 2008). Legal conclusions receive no such deference, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a plaintiff may use legal conclusions to provide the structure for the complaint, the pleading's factual content must independently "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950; *Wilkerson*, 522 F.3d at 321-22.

Guirguis's complaint fails to cross the threshold established by *Twombly* and *Iqbal*. It alleges that Guirguis is an Egyptian native of Arab descent, that Movers discharged him, and that his termination occurred in violation of his civil rights. The final allegation is precisely the type of factually unsupported legal conclusion that is inadequate to surmount a Rule 12(b)(6) challenge. The remaining averments contain no facts supporting an inference that Movers terminated Guirguis on the basis of his national origin. Indeed, the complaint never intimates in any way why Guirguis believes that national origin motivated Movers' actions. In the absence of factual averments supporting his discrimination claims, the District Court properly found that Guirguis

5

failed to raise a plausible right to relief under the pleading standard established by *Twombly*.[7]

### B. Standing on the Complaint

Guirguis also contends that under *Phillips* the District Court should have granted him leave to amend his complaint *sua sponte*, before closing his case. We review for abuse of discretion the District Court's failure to grant leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). In *Phillips*, which presented a claim under 42 U.S.C. § 1983, we broadly instructed that "if a complaint is vulnerable to

---

[7]Guirguis contends that *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), and our decision in *Wilkerson* compel a contrary result. *Swierkiewicz* was decided pursuant to the pre-*Twombly* pleading standard of *Conley v. Gibson*, under which a complaint satisfied Rule 8 unless "it appear[ed] beyond doubt that the plaintiff c[ould] prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. 41, 45-46 (1975). We have re-assessed *Swierkiewicz* in the wake of *Twombly*, *Iqbal*, and *Phillips* and have concluded "that because *Conley* has been specifically repudiated by both *Twombly* and *Iqbal*, so too has *Swierkiewicz*, at least insofar as it concerns pleading requirements and relies on *Conley*." *Fowler*, --- F.3d at ---, 2009 WL 2501662, at *5. Nevertheless, *Swierkiewicz* remains instructive because Guirguis's complaint contains significantly less factual content than the pleading at issue in that case. The *Swierkiewicz* plaintiff "detailed the events leading to his termination, provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved with his termination." 534 U.S. at 514. Guirguis's complaint omits such information, bolstering our conclusion that his claims would not have survived under the pre-*Twombly* pleading regime. *See supra* note 6. *Wilkerson* also confirms the inadequacy of Guirguis's pleading. In *Wilkerson*, the plaintiff alleged that her employer instituted a ceremony in which participants worshiped their ancestors, that she objected to this ceremony due to her religious beliefs, and that her supervisor subsequently terminated her without explanation. 522 F.3d at 318, 322. Guirguis's complaint contains no similar discussion supporting an inference that Movers acted with a forbidden motivation. The District Court correctly decided that the absence of context from the complaint warranted dismissal under Rule 12(b)(6).

12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236. Prior to *Phillips*, however, we had limited this principle to cases arising under § 1983 and opined that "it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007).

The interaction between *Phillips* and *Fletcher-Harlee Corp.* presents an interesting question but one that we need not resolve on this appeal. Guirguis filed two motions for reconsideration of the District Court's *Twombly* holding, arguing that his complaint "is not insufficient in its allegations." (Appellee's Supplemental App. at 4, 9.) These motions never sought leave to amend and instead revealed an intent to stand on the complaint. *See Frederico v. Home Depot*, 507 F.3d 188, 192-93 (3d Cir. 2007) (holding that a plaintiff elected to stand on her complaint by repeatedly asserting the validity of her averments and by failing to seek leave to amend following dismissal). Having expressed a desire to adhere to his pleading, Guirguis cannot persuasively ascribe error to the District Court for not providing him an unsolicited opportunity to amend his complaint.

## III. Conclusion

Guirguis's complaint contains only a factually unsupported averment of discrimination, and he clung to that version of his pleading. The District Court was thus

correct to grant dismissal and did not abuse its discretion by not *sua sponte* affording him leave to amend. We will affirm the order dismissing his complaint, as well as the order denying reconsideration of the dismissal.